# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01262-KLM

RYUUNOSUKE TAKESHIGE

       Plaintiff,

v.

RICH BROADCASTING LLC

       Defendant

## DECLARATION OF CRAIG SANDERS

CRAIG SANDERS, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I am counsel for plaintiff Ryuunosuke Takeshige ("Plaintiff") and am duly admitted to practice law in this District and in the State of Colorado.

2. I submit this declaration in support of Plaintiff's application for entry of default judgment against Rich Broadcasting LLC ("Defendant") pursuant to Fed. R. Civ. P. 55(b) and Local Rule 55.2(b).

*(i)* *Nature of the Claim*

3. Plaintiff's claim for copyright infringement under 17 U.S.C. § 501 is based on Defendant's unlawful expropriation of Plaintiff's registered photograph of a solar eclipse (the "Photograph"). *See* Complaint, Ex. A; [Dkt. No. 1-1].

4. Plaintiff alleges that Defendant published the Photograph on its website, www.590Kid.com (the "Website"). *See* Complaint, Ex. B; [Dkt. No. 1-2].

5.  Plaintiff further alleges that Defendant did not license the Photograph from Plaintiff for its posting nor did Defendant have Plaintiff's permission or consent to publish the Photograph on the Website.

6.  Plaintiff is in possession of a copyright registration certificate, bearing no. VA 2-166-421 (the "421 Registration").  Attached as Exhibit C is a true and correct copy of the 421 Registration certificate.

7.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.  The Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in Colorado.

### *(ii)   The Basis for Entering Default Judgment*

9.  The basis for entry of default is Defendant's failure to answer or otherwise appear to defend this action.

10.  On May 11, 2020, a copy of the summons and complaint was served on Defendant via Dana Wade, a person authorized to accept service on Defendant's behalf. [Dkt. No. 17].  The deadline to file an answer or responsive pleading was June 1, 2020.

11.  On August 20, 2020, upon Plaintiff's request, the Clerk of Court issued a Certificate of Default. [Dkt. No. 19]

12.  After the default was issued by the Clerk, I investigated whether defendant is a member of the military by visiting the Department of Defense's Service Members

2

Civil Relief Act website.  Defendant is a company - not an individual - and therefore not a service member.

### (iii) Whether the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action

13. There is only one defendant in this action; thus, the Court may appropriately order a default judgment against Defendant on the issue of damages.

### (iv) The Proposed damages and the bases for each element of damages

14. For violation of 17 U.S.C. § 501, Plaintiff seeks $1,500.00 in actual damages for copyright infringement under 17 U.S.C. § 504(b).

15. Plaintiff also seeks $440.00 in costs pursuant to Fed. R. Civ. P. 54(d).

### (v) Actual Damages for Count I: Copyright Infringement

16. An actual damages award "looks at the facts from the point of view of the[ ] copyright owners; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act." *On Davis v. The Gap, Inc.,* 246 F.3d 152, 159 (2d Cir. 2001), *as amended* (May 15, 2001).  The Court may calculate actual damages by measuring the fair market value of the licensing "fee the owner was entitled to charge for [the infringer's] use" of his copyrighted work. *Id.* at 165; a*ccord Jarvis v. K2 Inc.,* 486 F.3d 526, 533 (9th Cir. 2007) (holding that "in situations where the infringer could have bargained with the copyright owner to purchase the right to use the work, actual damages are what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work.'")

17. Here, the fair market value of the Photograph is what Plaintiff would have been reasonably entitled to charge had Defendant contacted him to obtain permission. Although there is no licensing fee history for the Photograph, Plaintiff estimates that he

3

would have been entitled to charge up to $1500.00 for use of the Photograph in the manner used by Defendant.

18.     As evidence to support the damages claim, Plaintiff respectfully submits as a benchmark license fee for a similar photograph of a solar eclipse that is available for license on the website of leading stock photography agency Getty Images, Inc. ("Getty").  Attached as Exhibit D is a true and correct copy of the benchmark license fee, showing that a similar photograph license on Getty in the amount of $1260.00 for use in digital media on a promotional website in the United States up to five years duration in the industry of education.

19.     While the court should accept the plaintiff's well-pled factual allegations as true, a defendant's default does not guarantee a judgment in favor of the moving party. *See, e.g., Jackson v. Correctional Corporation of America,* 564 F.Supp.2d 22, 26–27 (D.D.C. 2008) (noting that a plaintiff is entitled to a default judgment only if the complaint states a claim for relief) and cases cited therein. *See also Nishimatsu Construction Co., Ltd. v. Houston National Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) ("a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover;" noting that under Rule 55, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law"); *Di Marco Constructors, LLC v. Sinacola, Inc.,* 407 F.Supp.2d 442, 445 (W.D.N.Y. 2006) ("judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court ... a defendant's default does not itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered") (quoting *Bianco v. Seaway Industrial Services, Inc.,* 2004 WL 912916, at *1

4

(W.D.N.Y. 2004)); *United States v. Ponte,* 246 F.Supp.2d 74, 76 (D.Me. 2003) (even after entry of default, "a plaintiff must nevertheless establish that on the law it is entitled to the relief it seeks, given the facts as established by the default"); *OTO Software, Inc. v. Highwall Techs., LLC*, 08-CV-01897-PAB-CBS, 2011 WL 3236049, at *4 (D. Colo. July 5, 2011), *report and recommendation adopted,* 08-CV-01897-PAB-CBS, 2011 WL 3235707 (D. Colo. July 27, 2011)

20. "Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded." 10 Federal Prac. & Proc. Civil 3d § 2688 at 63 (1998). The trial judge, sitting without a jury, has considerable latitude in determining the amount of the damages. *Jones v. Winnepesaukee Realty,* 990 F.2d 1, 4 (1st Cir. 1993). "To award damages [under Rule 55(b)(2) ], it is not necessary for a court to hold a hearing; instead a court may rely upon affidavits and documentary evidence." *OTO Software, Inc. v. Highwall Techs., LLC*, 08-CV-01897-PAB-CBS, 2011 WL 3236049, at *4 (D. Colo. July 5, 2011), *report and recommendation adopted,* 08-CV-01897-PAB-CBS, 2011 WL 3235707 (D. Colo. July 27, 2011)

21. Here, because Defendant has defaulted, it is unknown what profits Defendant generated from exploitation of the Photograph, however, all inferences should be drawn against it. "The plain language of § 504(b) provides that the infringer's 'profits' are distinct from the copyright owner's 'actual damages,' and the copyright owner is permitted to recover any profits that are attributable to the infringement so long as those profits are not duplicative of actual damages. *OTO Software, Inc. v. Highwall Techs., LLC*, No. 08-CV-01897-PAB-CBS, 2011 WL 3236049, at *12 (D. Colo. July 5,

2011), *report and recommendation adopted*, No. 08-CV-01897-PAB-CBS, 2011 WL 3235707 (D. Colo. July 27, 2011) (citations omitted).

22. An award of actual damages in a copyright infringement case "should be broadly construed to favor victims of infringement." *On Davis,* 246 F.3d at 164 (citing, *inter alia,* William F. Patry, *Copyright Law and Practice* 1167 [1994] ("Within reason, any ambiguities should be resolved in favor of the copyright owner.")). Thus, when a court is confronted with imprecision in the calculation of damages, it "should err on the side of guaranteeing the plaintiff a full recovery." *Sygma Photo News, Inc. v. High Society Magazine,* 778 F.2d 89, 95 (2d Cir. 1985) (citations omitted); *cf. In Design v. K–Mart Apparel Corp.,* 13 F.3d 559, 564 (2d Cir. 1994) (noting that any doubts in calculating profits which result from the infringer's failure to present adequate proof of its costs are to be resolved in favor of the copyright holder), *abrogated on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

23. Under the circumstances describe above, a $1,500 award is justified for Count I.

24. Plaintiff seeks $440.00 in costs under Fed. R. Civ. P. 54(d).

| Date | Description | Total |
| --- | --- | --- |
| 5/5/20 | Court filing fee | $400.00 |
| 5/11/20 | Personal service fee | $40.00 |
| **TOTAL** | - | **$440.00** |

25. No part of the Judgment sought has been paid, other than as indicated in the present motion.

26. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the initiating complaint plus exhibits.

6

27. Attached hereto as <u>Exhibit B</u> is a copy of the affidavit of service of the summons and complaint.

Dated: October 5, 2020  　　　　　　　　　　Respectfully Submitted:
　　　　Garden City, New York　　　　　　　BARSHAY SANDERS

　　　　　　　　　　　　　　　　　　　　　***s/ Craig B. Sanders***
　　　　　　　　　　　　　　　　　　　　　By: Craig Benjamin Sanders
　　　　　　　　　　　　　　　　　　　　　100 Garden City Plaza, Suite 500
　　　　　　　　　　　　　　　　　　　　　Garden City, NY 11530
　　　　　　　　　　　　　　　　　　　　　(516) 282-7878
　　　　　　　　　　　　　　　　　　　　　csanders@barshaysanders.com
　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*