**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1262-WJM-KLM

RYUUNOSUKE TAKESHIGE,

    Plaintiff,

v.

RICH BROADCASTING LLC,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiff Ryuunosuke Takeshige's Motion for Default Judgment ("Motion") (ECF No. 26) against Defendant Rich Broadcasting LLC. For the following reasons, the Motion is denied.

### I. BACKGROUND

This copyright infringement action arises out of Defendant's alleged display of Plaintiff's original photograph on its website without Plaintiff's permission and without compensating him. (ECF No. 1.)

Plaintiff initiated this action on May 5, 2020. (*Id.*) He brings one claim for copyright infringement, alleging violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* ("Copyright Act"). Plaintiff served Defendant on May 11, 2020. (ECF No. 17.)

After Defendant failed to appear or otherwise defend this action, Plaintiff obtained the Clerk's Entry of Default on August 20, 2020. (ECF No. 19.) Plaintiff filed the Motion on October 5, 2020. (ECF No. 26.) He seeks compensatory damages in the amount of

$1,500, costs in the amount of $440, and post-judgment interest on the total award. (*Id.*)

## II. LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Default judgment must be entered by the Clerk of Court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Default judgment is typically available "only when the adversary process has been halted because of an essentially unresponsive party," in order to avoid further delay and uncertainty as to the diligent party's rights. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

## III. ANALYSIS

Before granting a motion for default judgment, the Court must ensure that it has subject-matter jurisdiction over the action and personal jurisdiction over the defaulting defendant. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment."). Further, a court "accords no deference to [a plaintiff's] conclusory and wholly unsupported allegations." *Miller v. Kelly*, 2010 WL 4684029, at *4 (D. Colo. Nov. 12, 2010).

The Court properly exercises subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff brings his claim pursuant to the Copyright Act, which is a federal statute.

Plaintiff's allegations as to personal jurisdiction, however, are sparse. He alleges only that "[u]pon information and belief, Defendant transacts business in Colorado." (ECF No. 1 ¶ 3.) Further, Plaintiff alleges that Defendant is an Idaho company with its principal place of business in Idaho Falls, Idaho. (*Id.* ¶ 6.) The Complaint contains no facts suggesting that Defendant has any ties to Colorado. (*See generally id.*) Plaintiff resides in Japan and also has no discernible connections to Colorado. (*Id.* ¶ 5.)

Conclusory allegations as to the transaction of business, devoid of further factual support, are insufficient to establish a good faith basis for personal jurisdiction over a defendant. *See Daimler AG v. Bauman*, 571 U.S. 117 (2014); *Jamieson v. Hoven Vision LLC*, 2021 WL 1564788, at *2–3 (D. Colo. Apr. 21, 2021) (finding no good-faith basis for personal jurisdiction where plaintiff alleged only that "[Defendant] did and continues to do business in Colorado" and sanctioning plaintiff's attorney). Tellingly, Plaintiff does not include in his Motion or attached declaration any additional facts which would support a basis for personal jurisdiction. (*See generally* ECF Nos. 26 & 27.)

Plaintiff's sole allegation as to personal jurisdiction is vague and conclusory, and does not set forth a colorable basis for the Court's exercise of personal jurisdiction over Defendant. *See Mondragon v. Nosrak LLC*, 2020 WL 2395641, at *8 (D. Colo. May 11, 2020) ("It should go without saying that the mere 'transaction of business' in a state by a company headquartered elsewhere, without more, cannot form the basis for either general or specific personal jurisdiction.") As the Court has an "affirmative duty" to

examine whether personal jurisdiction exists on default judgment, and Plaintiff fails to plead any non-conclusory basis for personal jurisdiction, the Court must deny the Motion. *Williams*, 802 F.2d at 1202–03 ("Defects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond.").

Moreover, a court may dismiss an action on its own motion for lack of personal jurisdiction in the context of a motion for default judgment. *See Deville v. Wilson*, 208 F. App'x 629, 631–32 (10th Cir. 2006) (affirming *sua sponte* dismissal of complaint for lack of personal jurisdiction where plaintiff failed to plead defendants' requisite minimum contacts with forum state); c*f. Williams*, 802 F.2d at 1202 ("We hold that a district court may not inquire into its personal jurisdiction and dismiss a case *sua sponte* except when entering a default judgment."). Finding that Plaintiff has failed to allege a good-faith basis for the Court's exercise of personal jurisdiction over Defendant, the Court will dismiss this action *sua sponte*. As this jurisdictional ruling is not an adjudication on the merits, the dismissal is without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion (ECF No. 26) is DENIED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE;
3. The parties shall bear their own fees and costs; and
4. The Clerk shall terminate this case.

Dated this 9th day of June, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge